(No. 76-CC-2490—

EDGAR SHORTER, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 30, 1977.*

POLOS, C.J.

This is a claim by Edgar Shorter, an inmate of Stateville Correctional Center, for the conversion of a General Electric Radio.

At the hearing of this cause the Claimant established that on February 9, 1976, the subject radio was confiscated from Claimant's cell during a shakedown inspection of the cells at Stateville. The occurrence is summarized in a report from the Stateville Inquiry Board to Warden David H. Brierton, dated March 10, 1976, which was introduced into evidence:

"The Stateville Inquiry Board interviewed Resident Shorter #69771 on March 4, 1976 regarding a grievance concerning a radio. Resident Shorter received a disciplinary report on February 9, 1976 for having the radio that could possibly have been stolen. However, resident Shorter stated that the radio has his Pontiac institutional number on it, #31814 and that is why the institution felt that the radio was stolen. On February 12, 1976 Mr. Shorter was told by the Adjustment Committee that the radio would be returned to him after his Stateville number was inscribed on the radio. Resident Shorter stated that he has yet to receive the radio. He is requesting that the radio be returned to him as soon as possible since the ticket was dropped by the Adjustment Committee . . . "

"It is the recommendation of this committee that the radio be returned to resident Shorter as soon as possible at the completion of the processing procedures."

The radio has never been found or returned to Claimant, although on various occasions Claimant was told by institution authorities that the radio was being processed and would be returned to him. Respondent offered no testimony to explain the disappearance of Claimant's radio.

It appears that at the time of its loss the radio had a value of $20.00.

The facts in this case establish a conversion of Claimant's property.

"The gist of a conversion has been declared to be not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled. A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." *53 Am. Jur. Trover and Conversion 822.*

It is therefore ordered that Claimant be awarded the sum of $20.00.